McGREGOR W. SCOTT
United States Attorney
E. ROBERT WRIGHT
BRIAN W. ENOS
Assistant U.S. Attorney
Federal Building, Room 3654
1130 "O" Street
Fresno, California 93721
Telephone: (559) 498-7272
Facsimile: (559) 498-7432

Attorneys for the United States

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 1:03-cv-6064 AWI/LJO |
| ) | |
| Plaintiff, ) | ***AMENDED* FINAL JUDGMENT** |
| ) | |
| v. ) | |
| ) | |
| 87.98 ACRES OF LAND MORE OR ) | |
| LESS IN THE COUNTY OF MERCED; ) | |
| DONN RAYMOND CAMPION; et al. ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| _____) | |

This case is before the court for entry of Final Judgment based on the jury verdict returned November 23, 2005, determining the sum of $2,023,715.00 to be just compensation for the taking of the captioned property from defendant Donn Raymond Campion ("defendant Campion").

**THE COURT FINDS AS FOLLOWS**:

1.  The estate acquired in this action is an easement interest comprising approximately 87.98 acres of land located within 3,200.52 acres of land owned in fee simple by defendant Campion (the "subject property"). The easement interest condemned in the subject property are more particularly set forth

in the Complaint and Declaration of Taking filed on August 7, 2003.  Said interests are adopted herein by reference.

2.   On August 7, 2003, plaintiff United States of America, Department of Energy, Western Area Power Administration ("the United States") deposited the sum of Thirty Nine Thousand Four Hundred Thirty and No/100 Dollars ($39,430.00) with the Court as estimated just compensation for the taking of the interests condemned in the subject land, as more particularly defined in said Complaint and Declaration of Taking.

3.   The use for which the subject property is taken and condemned by the United States is one authorized by law and is a public use, as described in the Declaration of Taking.  The property and its taking are necessary and suited to that use.

4.   All parties interested directly or indirectly in the subject property have been served with process or by publication, or have appeared in this action.  The property, and all claimants and parties interested therein, are within the jurisdiction of this Court, which has the power and authority to enter this final judgment.

5.   At the time of and immediately preceding the filing of the Complaint and Declaration of Taking, defendant Campion was identified as the sole owner in fee simple of the property taken in this matter and therefore further identified as the sole defendant entitled to the compensation to be awarded for the taking of the estate and interests condemned by this action.

6.   On August 7, 2003, title to the subject property vested in the United States of America upon the filing of the

aforementioned Declaration of Taking and the deposit of $39,430.00 as estimated just compensation into the Registry of the Court. Simultaneously, the right to just compensation for the estate taken vested in the person entitled thereto, that being defendant Campion.

7.   Pursuant to the Court's Order dated on or about July 13, 2005, the Clerk of the Court distributed the $39,430.00 to defendant Campion.

8.   On December 27, 2005, the United States deposited an additional $1,984,285.00 deposit to the Clerk of the Court for the purpose of ultimately being withdrawn by defendant Campion. This amount comprises the difference between the jury verdict of $2,023,715.00 in just compensation and the initial deposit of $39,430.00 withdrawn by defendant Campion prior to trial. This amount also comprises the deficiency between the initial amount deposited as just compensation and the amount of the jury verdict.

9.   The sum of $2,023,715 as found by the jury is just compensation for the taking of defendant Campion's property, exclusive of statutory interest, and this sum constitutes full satisfaction of any and all claims of whatsoever nature against the United States by reason of the institution and prosecution of this action and the taking of the subject property.

10.   The said just compensation shall be subject to any and all liens, encumbrances, and charges of whatsoever nature, existing against the land when title thereto vested in the United States, and any such liens, encumbrances, and charges of

3

whatsoever nature, shall be payable and deductible from said sum.

**NOW THEREFORE IT IS ORDERED, ADJUDGED AND DECREED** that the sum of $2,023,715.00 is the full, fair and just compensation for the taking of the United States of the subject property, exclusive of interest to be awarded in this case; and

That as of December 27, 2005 the United States has satisfied its obligation to pay into the Registry of the Court the deficiency of $1,984,285.00, exclusive of interest to be awarded in this case; and

That the United States shall further pay into the Registry of the Court pre-judgment interest, pursuant to 40 U.S.C. 3116 and as calculated and stipulated by the parties, the amount of $89,185.00, plus an additional $215.68 per day from November 23, 2005 until date of payment to the Registry of the Court; and

Upon the deposit of said deficiency, together with all accrued interest, into the Registry of the Court, the Clerk of the Court without further order of this Court shall draw a check for the full amount deposited, payable to Norman E. Matteoni, Trustee for Defendant Donn Raymond Campion, Federal Tax ID #94 2597129, and deliver said check to his counsel of record, Matteoni, O'Laughlin & Hechtman at 848 The Alameda, San Jose, California 95126, Attn: Peggy O'Laughlin.  It is further Ordered that said attorney shall forthwith apply the proceeds of said check to the payment, discharge and release of any and all remaining taxes, assessments, liens and encumbrances against the property on the date of taking, and to the redemption of all tax

sales thereof, if any, and the balance pay over to defendant Campion.

The Court retains jurisdiction with respect to whether defendant Campion is entitled to an award of fees and/or costs under the law.

IT IS SO ORDERED.

**Dated:   January 4, 2006**                             **/s/ Anthony W. Ishii**
0m8i78                                              UNITED STATES DISTRICT JUDGE