UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CIV-F-03-6064 AWI LJO |
| ) | |
| Plaintiff, ) | ORDER VACATING HEARING |
| ) | DATE OF FEBRUARY 13, 2006 |
| v. ) | |
| ) | |
| 87.98 ACRES OF LAND MORE OR ) | |
| LESS IN THE COUNTY OF MERCED; ) | |
| DONN RAYMOND CAMION, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This case involved an eminent domain action brought by the United States for an easement across land owned by Donn Raymond Campion. On November 23, 2005, the jury rendered a verdict, finding just compensation for the taking to total $2,023,715. Judgment in that amount was entered on November 30, 2005. On December 9, 2005, the parties filed a stipulation to vacate judgment as it did not reflect funds already deposited with the court upon the initial filing of the action and other procedural matters. On the same day, Campion filed a bill of costs seeking $41,155.86. An amended final judgment was signed on January 5, 2006. On January 9, 2005, the United States filed a "Motion Objecting to Defendant's Bill Of Costs." The motion sought to schedule a court hearing on the matter at 1:30 PM on Monday, February 13, 2006. On January 19, 2006, Campion filed an opposition to the United States's motion.

Local Rule 54-292 provides the procedure for a party to file a cost bill and for the calculation of costs. Local Rule 54-292 reads in part:

1

**(b) Filing of Cost Bill.** Within ten (10) days after entry of judgment or order under which costs may be claimed, the prevailing party may serve on all other parties and file with the Clerk a bill of costs conforming to 28 U.S.C. § 1924. See Fed. R. Civ. P. 6(a), (e). The cost bill shall itemize the costs claimed and shall be supported by a memorandum of costs and an affidavit of counsel that the costs claimed are allowable by law, are correctly stated, and were necessarily incurred. Cost bill forms shall be made available by the Clerk's Office upon request or on the Court's website.

**(c) Objections.** The party against whom costs are claimed may, within ten (10) days from date of service, file specific objections to claimed items with a statement of grounds for objection.

**(d) Taxing Costs.** If no objection is filed, the Clerk shall proceed to tax and enter costs. If objections are filed, they should state specific objections to claimed items with a statement of grounds thereof. The Clerk may require and consider further affidavits as necessary to determine allowable costs. The parties may request a hearing, in person or by telephone conference call, and the Clerk shall schedule the hearing as needed. Upon the taxation and entry of costs the Clerk shall serve notice thereof to all parties.

**(e) Review.** On motion filed and served within five (5) court days after notice of the taxing of costs has been served, the action of the Clerk may be reviewed by the Court as provided in Fed. R. Civ. P. 54(d). See L.R. 78-230.

Plaintiff's motion setting a court hearing date on February 13, 2005 is premature. The Clerk of the Court has not yet taxed costs. If the United States (or Campion) is unhappy with the costs taxed by the Clerk of the Court, a motion may then be filed before the court to review the taxing of costs. As there is no taxing of costs for the court to review pursuant to Local Rule 54-292(e) on a noticed motion, the setting of a hearing date is premature.

Accordingly, the court ORDERS that the hearing set for February 13, 2006 is VACATED and no party shall appear.

IT IS SO ORDERED.

**Dated:    January 30, 2006**                               **/s/ Anthony W. Ishii**
0m8i78                                                               UNITED STATES DISTRICT JUDGE