UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. Civ. F. 03-6064 AWI LJO |
| Plaintiff, | ) ) | ORDER RE: MOTION FOR REVIEW OF COST BILL AND FOR ATTORNEY'S |
| v. | ) ) | AND EXPERT'S FEES |
| 87.98 ACRES OF LAND MORE OR LESS IN THE COUNTY OF MERCED; DONN RAYMOND CAMPION, et al., | ) ) ) ) ) | |
| Defendants. | ) ) | |

Defendant Donn Raymond Campion has made a motion to review the denial of his cost bill by the clerk's office. In addition, he is seeking to recover attorney's and expert fees. The United States opposes all three requests.

**I. History**

This case involved an eminent domain action brought by the United States for an easement across land owned by Campion. On November 23, 2005, the jury rendered a verdict, awarding Campion a total of $2,023,715 as just compensation for the taking. Doc. 162. Judgment in that amount was entered on November 30, 2005. Doc. 163. On December 9, 2005, the parties filed a stipulation to vacate judgment as it did not reflect funds already deposited with the court upon the initial filing of the action and other procedural matters. Doc. 168. An amended final judgment was issued on January 5, 2006. Doc. 175.

Also on December 9, 2005, Campion filed a bill of costs seeking $41,155.86. Doc. 170. On January 9, 2005, the United States filed objections to the bill of costs, alleging that Campion is not the prevailing party in the suit. Doc. 176. On January 19, 2006, Campion filed a response to the United State's objections. Doc. 177.  The clerk's office denied all costs. Doc. 182.

On January 27, 2006, Campion made a motion to discharge his legal representation and to proceed in propria persona. Doc. 179.  On February 7, 2006, the motion was granted. Doc. 184. On February 22, 2006, Campion filed a notice of appeal to the Ninth Circuit. Doc. 188.

On February 3, 2006, Campion filed a motion to review the bill of costs, seeking recompense for court costs ($42,435.24), attorney's fees ($818,192.10), and expert's fees ($551,743.39). Doc. 183.  On February 24, 2006, the United States filed an opposition to the motion. Doc. 189.  No reply has been filed, and the matter was taken under submission without oral argument. Doc. 192.

## II. Legal Standards

"A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." 28 U.S.C. §1920.

The Ninth Circuit has determined that "[Federal Rules of Civil Procedure] 54(d)(1) creates a presumption in favor of awarding costs to the prevailing party.  This presumption is supported by the explicit language of Rule 54(d)(1), which makes the award of costs to a prevailing party automatic in the absence of an express direction to the contrary by the district court." National Information Services, Inc. v. TRW, Inc., 51 F.3d 1470, 1471-72 (9th Cir. 1995). "A district court must 'specify reasons' for its refusal to award costs"; among the reasons district courts have given (and circuit courts have accepted) are "the losing party's limited financial

resources and misconduct on the part of the prevailing party....the 'nominal' or partial nature of the prevailing party's recovery, and the good faith of the losing party." Association of Mexican-American Educators v. California, 231 F.3d 572, 592 (9th Cir. 2000), citations omitted.

The power of the courts to award costs is strictly limited by 28 U.S.C. §1920: "notwithstanding the district court's discretionary authority under Federal Rule of Civil Procedure Rule 54(d) to refuse to tax costs in favor of a prevailing party, a district court may not rely on its 'equity power' to tax costs beyond those expressly authorized by section 1920." Romero v. Pomona, 883 F.2d 1418, 1428 (9th Cir. 1989), citing Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 442 (1987).

### III. Discussion

The Equal Access to Justice Act ("EAJA") provides for the award of costs and fees against the United States in civil lawsuits. See 28 U.S.C. §2412.  Section 2412(a) addresses court costs: "a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States." Section 2412(b) deals with attorney's fees: "Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States."  Section 2412(d) allows for recovery of expert's fees: "a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

Under Section 2412(d)(1)(H), "'prevailing party', in the case of eminent domain proceedings, means a party who obtains a final judgment (other than by settlement), exclusive of interest, the amount of which is at least as close to the highest valuation of the property involved

that is attested to at trial on behalf of the property owner as it is to the highest valuation of the property involved that is attested to at trial on behalf of the Government." Campion states that the EAJA "is not specific as to the prevailing party rule applying to ordinary court costs." Doc. 177, Response to Objection, at 3:24.  Campion is referring to the fact that the definition of "prevailing party" contained in Section 2412(d)(2)(H) only technically applies "For the purposes of this subsection." 28 U.S.C. § 2412(d)(2).  This language suggests that Section 2412(d)(2)(H) only defines "prevailing party" for Section 2412(d) and not Section 2412(a) or Section 2412(b). Campion, to his credit, has cited to Ninth Circuit precedent that has looked at this specific issue and applied the "prevailing party" definition to the whole of Section 2412, (a) through (d), notwithstanding the implicit limitation of the language. United States v. 50.50 Acres of Land, 931 F.2d 1349, 1356-58 (9th Cir. 1991).  The Ninth Circuit concluded that "the legislative history of the amendment reflects Congressional intent that the new definition was to apply to awards of both costs and fees." United States v. 50.50 Acres of Land, 931 F.2d 1349, 1358 (9th Cir. 1991).  Other circuits have, without discussion or mention of the textual limitation, similarly applied the Section 2412(d)(2)(H) definition to the whole of Section 2412. See, e.g. United States v. 5,507.38 Acres of Land, 832 F.2d 882, 883 (5th Cir. 1987).  This court is bound by Ninth Circuit precedent and must apply the "prevailing party" definition to the whole of Section 2412.

The amended final judgment awarded Campion a total of $2,023,715 for the taking, exclusive of interest. Doc. 175.  At trial, the United State's expert valued the taking at $76,518.81 while Campion's expert submitted that the taking was worth $16,100,000. Doc. 189, Opposition, at 4:18-24.  While both valuations are far off the mark, the United States's valuation is much closer than Campion's.  Under the text of Section 2412(d)(1)(H), Campion is not a prevailing party and cannot collect costs, attorney's fees, or expert's fees.

///
///
///
///

## IV. Order

Campion's motion for review of bill of costs and for attorney's and expert's fees is DENIED.

IT IS SO ORDERED.

Dated: **April 7, 2006**        **/s/ Anthony W. Ishii**
0m8i78                           UNITED STATES DISTRICT JUDGE